**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| WISE WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 3:19-cv-00245 |
| | § | |
| UNITED STATES OF AMERICA, and | § | |
| AMBER HALI BENSON a/k/a | § | |
| AMBER HALI SEIGER, | § | |
| | § | |
| Defendants. | § | Non-Jury |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE**:

Comes Now, Plaintiff, Wise Washington (hereinafter, "Plaintiff"), complaining of the United States of America, and Amber Hali Benson a/k/a Amber Hali Seiger (hereinafter collectively referred to as "Defendants"), and respectfully shows as follows.

**Jurisdiction and Venue**.

1. Plaintiff is an individual and a resident of El Paso County, Texas.

2. Defendant, the United States of America, is a governmental entity that can be served with process by delivering a copy of this complaint and a summons providing for sixty days in which to answer this complaint, as required by Rule 12(a)(2) of the Federal Rules of Civil Procedure, via registered or certified mail to the following:

   (a) The Attorney General of the United States, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001; and

   (b) Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216-5597.

3. Defendant, Amber Hali Benson a/k/a Amber Hali Seiger, is an individual, and a resident of Georgetown, Williamson County, in the State of Texas; she can be served with process in person or by mail at 300 Luther Dr., Apt. 702, Georgetown, Texas 78628-8925, or wherever else she may be found.

4. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

5. On February 12, 2018, Plaintiff filed an administrative tort claim with United States Postal Service as required by 28 U.S.C. § 2675(a). More than six months have passed since Plaintiff filed his claim, and United States Postal Service has failed to make a disposition. Accordingly, Plaintiff has elected to file suit in accordance with 28 U.S.C. § 2675.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) as Plaintiff resides within the Western District of Texas.

**Factual Allegations**.

6. On or about October 18, 2017, Plaintiff was driving an automobile westbound on Sgt. Major Boulevard, in Fort Bliss, Texas, in a reasonable and prudent manner, exercising ordinary care for his safety and for the safety of others. Plaintiff stopped at a crosswalk and waited for soldiers crossing.

7. At the same time, Defendant Amber Hali Benson a/k/a Amber Hali Seiger was traveling westbound on Sgt. Major Boulevard directly behind Plaintiff.

8. A United States Postal Service employee, Ricardo Escalante, was also driving an automobile westbound on Sgt. Major Boulevard. The vehicle Ricardo Escalante was driving, a marked United States Postal Service vehicle owned by his employer, United States Postal Service, was traveling behind Defendant Amber Hali Benson a/k/a Amber Hali Seiger's vehicle. Suddenly

and without warning, Ricardo Escalante violently struck the rear end of Defendant Amber Hali Benson a/k/a Amber Hali Seiger's vehicle, causing Defendant Amber Hali Benson a/k/a Amber Hali Seiger to violently strike the rear end of Plaintiff's vehicle.

9. In the alternative, Defendant Amber Hali Benson a/k/a Amber Hali Seiger suddenly and without warning, violently struck the rear end of Plaintiff's vehicle and then was struck by Defendant Ricardo Escalante.

10. As an operator of a motor vehicle using the public road system, Ricardo Escalante had a duty to use reasonable and prudent care. Ricardo Escalante breached said duty by driving negligently and carelessly, thereby proximately causing Plaintiff's injuries and damages. Ricardo Escalante was within the course and scope of his employment with United States Postal Service at the time of the accident. Accordingly, Defendant United States of America is responsible for Ricardo Escalante's conduct pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and/or the doctrine of *respondeat superior*.

**Negligence and Negligence *Per Se* of Defendant United States of America**.

11. Among other things, Ricardo Escalante was negligent in the following respects:

(a) In failing to control speed as a person exercising ordinary care would have done under the same or similar circumstances;

(b) In failing to keep a proper look out as a person exercising ordinary care would have done under the same or similar circumstances;

(c) In failing to reduce his speed and/or apply his brakes in order to avoid a collision;

(d) Driver inattention;

(e) In failing to take evasive action; and

(f) following too closely.

12. Ricardo Escalante's driving conduct was also violative of various Texas traffic laws, including but not limited to the following, thereby creating negligence per se liability:

(a) Texas Transportation Code Section 545.062, "Following Distance," which mandates that a driver "shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." TEX. TRANSP. CODE § 545.062(a).

(b) Texas Transportation Code Section 545.351, "Maximum Speed Requirement," which mandates that a driver "may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing;" and "shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway . . . ." TEX. TRANSP. CODE § 545.351(b)(1)(2).

13. The foregoing described acts, omissions, and statutory violations—whether taken separately or together—were the proximate cause of the accident at issue and thus, the injuries and damages sustained by Plaintiff as a result thereof.

**Federal Tort Claims Act**.

14. Under the laws of the State of Texas, a private person would be liable to Plaintiff for the foregoing described acts, omissions, and statutory violations. Accordingly, Defendant is liable for Ricardo Escalante's conduct pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., and/or the doctrine of *respondeat superior*. See 28 U.S.C. §§ 1346, 2674.

**Negligence and Negligence *Per Se* of Defendant Amber Hali Benson a/k/a Amber Hali Seiger**.

15. Among other things, Defendant Amber Hali Benson a/k/a Amber Hali Seiger was negligent in the following respects:

(a) In failing to control speed as a person exercising ordinary care would have done under the same or similar circumstances;

(b) In failing to keep a proper look out as a person exercising ordinary care would have done under the same or similar circumstances;

4

    (c)      In failing to reduce his speed and/or apply her brakes in order to avoid a collision;

    (d)      Driver inattention;

    (e)      In failing to take evasive action; and

    (f)      following too closely.

16.    Defendant Amber Hali Benson a/k/a Amber Hali Seiger's driving conduct was also violative of various Texas traffic laws, including but not limited to the following, thereby creating negligence per se liability:

    (a)      Texas Transportation Code Section 545.062, "Following Distance," which mandates that a driver "shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway." TEX. TRANSP. CODE § 545.062(a).

    (b)      Texas Transportation Code Section 545.351, "Maximum Speed Requirement," which mandates that a driver "may not drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing;" and "shall control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway . . . ." TEX. TRANSP. CODE § 545.351(b)(1)(2).

17.    The foregoing described acts, omissions, and statutory violations—whether taken separately or together—were the proximate cause of the accident at issue and thus, the injuries and damages sustained by Plaintiff as a result thereof.

### **Plaintiff's Damages**.

18.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

    (a)      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Physical disfigurement in past and future;

(f) Mental anguish in past and future;

(g) Physical impairment in past and future;

(h) Lost wages in the past and loss of earning capacity in the future; and

(i) Property damage.

19. By reason of all of the above, Plaintiff suffered losses and damages in the amount of $1,010,000, for which he demands compensation from Defendants.

### **Plaintiff's Prayer for Relief**.

*Wherefore, premises considered*, Plaintiff respectfully prays that Defendant the United States of America and Defendant Amber Hali Benson a/k/a Amber Hali Seiger be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants awarding damages in an amount of not less than $1,010,000, together with pre-judgment interest (as allowed by law) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

        Respectfully Submitted,

        **RUHMANN LAW FIRM**
        5915 Silver Springs, Bldg. #1
        El Paso, Texas 79912
        (915) 845-4529
        (915) 845-4534 Fax

By:    */s/John L. Anderson*
        **CHARLES J. RUHMANN, IV**
        **JOHN LOMAX ANDERSON**
        *Attorneys for Plaintiff,*
        *Wise Washington*